## STATE OF CONNECTICUT *v.* DUANE ALDRIDGE
### (AC 25005)

DiPentima, McLachlan and McDonald, Js.

Argued January 6—officially released March 1, 2005

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Chris A. Pelosi*, assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The defendant, Duane Aldridge, appeals from the judgment of conviction, rendered after a jury trial, of one count of robbery in the second degree in violation of General Statutes § 53a-135 (a) (2), and one count of conspiracy to commit robbery in the second degree in violation of General Statutes §§ 53a-48 (a) and 53a-135 (a) (2). He claims that the filing of an amended information without his consent after trial commenced violated his due process right to notice because the charged offenses are not lesser offenses included within robbery in the first degree and conspiracy to commit robbery in the first degree, as alleged in the original information. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On September 11, 2002, Adam McCleery, Justin Miller and Steve Amaro arrived at a parking lot on the corner of Farmington Avenue and Kenyon Street in Hartford. As they exited their vehicle, two men passed them. Turning abruptly, the two men pulled the hoods of their sweatshirts over their heads and approached. As one of the men applied a choke hold on McCleery, the other placed a handgun[1] against his head. They demanded money, and McCleery acquiesced, relinquishing his wallet. The assailants fled to their vehicle and drove away. Amaro identified both the vehicle make and license plate number. The police were notified. The defendant subsequently was identified as an assailant and charged with three counts of robbery in the first degree in violation of subdivisions (2), (3) and (4) of

[1] It was later discovered that the handgun was a BB pistol.

General Statutes § 53a-134 (a),[2] and with one count of conspiracy to commit robbery in the first degree in violation of §§ 53a-48 (a) and 53a-134 (a) (2), (3) and (4).

A jury trial commenced on July 14, 2003. After presenting its case, the state informed the court that an expert had confirmed that the pistol was inoperable. Consequently, the court ruled that the pistol was not a deadly weapon and that the state had failed to prove that the pistol was used as a dangerous instrument. It accordingly rendered a judgment of acquittal as to the first two robbery counts. When the defendant moved to dismiss the third robbery count, the court declined: "Oh, I'm certainly not going to dismiss the count. . . . [The court will] preclude the state from proceeding on robbery one. I'll charge robbery two on the third count." Thereafter, the court permitted the state to file an amended information that alleged one count of robbery in the second degree and one count of conspiracy to commit robbery in the second degree. The jury found the defendant guilty on both counts, and this appeal followed.

The defendant claims that the filing of an amended information without his consent after trial commenced violated his due process right to notice because the charged offenses are not lesser offenses included within robbery in the first degree and conspiracy to commit robbery in the first degree, as alleged in the original information. The defendant did not preserve his claim before the trial court and now requests review under

---

[2] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when . . . he or another participant in the crime . . . (2) is armed with a deadly weapon; or (3) uses or threatens the use of a dangerous instrument; or (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm, except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a weapon from which a shot could be discharged. . . ."

*State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[3] We review his claim because the record is adequate for review and the claim is of constitutional dimension.

The sole question before us is whether § 53a-135 (a) (2) is a lesser offense included within § 53a-134 (a) (4).[4] "Unless the original and the amended informations charge the defendant with the same crime . . . amendment is permissible only to charge a lesser included offense." (Citation omitted.) *State* v. *Kitt*, 8 Conn. App. 478, 486, 513 A.2d 731, cert. denied, 202 Conn. 801, 518 A.2d 648 (1986).

Resolution of the defendant's claim is governed by our decision in *State* v. *Ortiz*, 71 Conn. App. 865, 877, 804 A.2d 937, cert. denied, 261 Conn. 942, 808 A.2d 1136 (2002), in which we explained that "§§ 53a-134 (a) (4) and 53a-135 (a) (2) contain the same elements. The only difference between them in this case is whether the defendant proved that the weapon was inoperable." The defendant in *Ortiz* was charged with robbery in the first degree in violation of § 53a-134 (a) (4). As in the present case, evidence was introduced during the trial in *Ortiz* indicating that the firearm was inoperable. Id., 869. The *Ortiz* court concluded: "Given the uncontroverted evidence of inoperability . . . it was plain

[3] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

[4] As the defendant recognizes, if the substituted count of robbery in the second degree is a lesser offense included within robbery in the first degree, as originally charged, the conspiracy count is a lesser included offense as well.

error for the court not to instruct the jury on the lesser included offense of robbery in the second degree in violation of § 53a-135 (a) (2)." Id., 877.

In the present case, the state belatedly submitted evidence that the pistol was inoperable after trial had commenced. The court immediately rendered a judgment of acquittal as to the first two counts of robbery in the first degree, but refused to dismiss the third count that alleged a violation of § 53a-134 (a) (4). Rather, it permitted the state to file an amended information charging the defendant with robbery in the second degree in violation of § 53a-135 (a) (2), and conspiracy to commit robbery in the second degree in violation of §§ 53a-48 (a) and 53a-135 (a) (2). Because such amendment charged lesser offenses included within the offenses that were charged in the original information, no due process violation arose.

The judgment is affirmed.

In this opinion the other judges concurred.